IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VOLTO BENJAMIN, | * |
| Plaintiff, | * |
| v. | *  Civil No. **PJM 20-cv-211** |
| PRINCE GEORGE'S COUNTY | * |
| Defendants. | * |

## **MEMORANDUM OPINION**

Plaintiff Volto Benjamin (Benjamin) suffers from a "degenerative eye condition" that causes him to have migraines and other symptoms when exposed to fluorescent lights. While employed by Defendant Prince George's County at the Department of Corrections (the County), he alleges he was denied reasonable accommodation related to his light sensitivity, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. Defendant has moved for summary judgment, arguing that it offered Plaintiff reasonable accommodations, though they may have been accommodations he did not like or prefer. Following supplementary briefing, the Court held a motions hearing. For the reasons that follow, the Court **DENIES** Defendant's Motion for Summary Judgment (ECF No. 20) and Supplemental Motion for Summary Judgment and Motion to Strike (ECF No. 36). To the extent Plaintiff's supplemental response constitutes a Cross-Motion for Summary Judgment, that Motion (ECF No. 35) is **DENIED** as well.

### I. BACKGROUND

On July 14, 2003, Benjamin began his employment as a correctional officer at the Defendant's facility. ECF No. 7. His Amended Complaint (ECF No. 7) alleges the following:

1

The unit in which Benjamin worked had fluorescent lights that were not used until 2015, when a new supervisor, Lt. Howe, demanded that the lights be turned on. Because he says the lighting exacerbated his condition, Benjamin requested a transfer to another "zone," which was granted. Benjamin does not allege that he made his superiors aware of his disability at that time.

At his new zone ("H9" or "Housing Unit 9"), Benjamin would turn off the fluorescent light in his work area to avoid the migraines. Sometime in the fall of 2016, Lt. Gilmore was assigned to Benjamin's new zone. Benjamin alleges that he made Gilmore aware of his "previous issues with the light." Even so, Gilmore began to demand that Benjamin turn on his "desk lamp/fluorescent light." Benjamin clarifies in his Complaint that the fluorescent light at issue was *not* the ceiling lights, security lights, catwalk/tier lights on the walkway, or cell lights. The troublesome light was the one behind Benjamin's desk.

On November 11, 2016, Benjamin claims he made the following individuals aware of his disability: Captain Lyles, Lt. Gilmore, Lt. Spencer, and Lt. Adewunmi. Benjamin requested his desk light be turned off but Lt. Gilmore denied the request. Lt. Gilmore, however, denies that she was informed of Benjamin's disability. ECF No. 20, Ex. 2. Benjamin also alleges that he spoke with Lt. Spencer, who requested that Benjamin provide a doctor's note regarding his condition. After providing the note, Benjamin alleges that Lt. Spencer permitted him to keep the light off, but Lt. Spencer denies Benjamin made a request to turn off the light or that Lt. Spencer approved it. ECF No. 20, Ex. 4.

Benjamin alleges that on January 8, 2018, another supervisor—Lt. Garrison—told him to turn his fluorescent desk light on. But even after Benjamin informed Lt. Garrison of his light sensitivity, Benjamin was required to work under fluorescent light.

2

On January 17, 2018, Benjamin alleges he called Captain Humphries to complain about the situation. In response, Humphries ordered that the fluorescent light stay on during Benjamin's shift until Benjamin provided "the Physician's form" along with a doctor's note. Meanwhile, to avoid the light, Benjamin was allowed to sit in a plastic chair near the bathroom in proximity to his post. However, this arrangement, he says, caused his sciatic nerve to hurt and his blood pressure to spike. As a result, he was unable to complete his shift and went home ill.

Benjamin alleges that on or about January 24, 2018, he returned to work with an "accommodation form" and "medical certification."[1] When presented with the documents, Humphries allegedly denied the accommodation. Benjamin then tried to go through what he describes as "the formal process of requesting an accommodation," but his request was again denied (the Complaint does not indicate by whom).

On or around January 25, 2018, Humphries advised Benjamin that he could sit in the "dayroom" or move his chair to the side to avoid the light. ECF No. 27; Supp. Humphries Aff. ¶ 11. Benjamin, however, did not accept these accommodations. *Id.*

On or around June 29, 2018, Humphries advised Benjamin that he could submit a hardship request, which would allow him to move to a different shift, but retain the same salary, rank, benefits, and job title. *Id.* On July 3, 2018, Humphries once again offered that Benjamin could move to another shift, or that he could remain on Shift I and be removed from Housing Unit 9. The County maintains that these options would not have resulted in any loss of salary, rank title, or benefits. *Id.* Benjamin did not agree.

---

[1] In his Motion for Summary Judgment, Benjamin states that he submitted a reasonable accommodation request with medical documentation on January 18, 2019 – this appears to be a typo, the correct year would be 2018. ECF No. 35 at 3.

3

He claims that leaving Shift I would have resulted in a less predictable schedule – it seems that the benefit of Shift I (midnights) at Housing Unit 9 was a quiet placement in a consistent location with a consistent schedule. ECF No. 29; Volto Supp. Aff. Benjamin repeatedly states that the accommodation that he desired, simply turning off the florescent desk light, was never offered to him under Captain Humphries. ECF No. 35. However, in her Supplemental Affidavit, Humphries states that Benjamin was told that, in fact, he could turn off his desk light if he kept his overhead light on, which he also declined. ECF No. 27.

On August 29, 2019, Captain Humphries was replaced by Captain Johnson who, after being informed by Benjamin of his eye condition, permitted him to turn the light off. ECF No. 35.

Altogether, Benjamin claims he spent over a year subject to the harmful lighting, causing lost wages, medical expenses, consequential damages, emotion distress, and entitling him to attorney fees and costs. ECF No. 7. Benjamin alleges he was required to take frequent leave due to the impact of the light on his health – migraines, nausea, and light headedness. *Id.* His degenerative eye condition, he avers, has worsened. *Id.* On March 1, 2020, Benjamin retired. ECF No. 36.

## II.   LEGAL STANDARD

Both parties here moved for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure. When a court evaluates multiple motions for summary judgment, each party's motion must be evaluated "on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Bryne v. Rutledge*, 623 F.3d 46, 53 (2d Cir. 2010) (citation omitted).

Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is clearly entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); See

also, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). The dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to materials in the record including pleadings, depositions, interrogatory answers, admissions on file, and affidavits. Fed. R. Civ. P. 56(c). When considering the motion, the court will view all facts and make all reasonable inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

The County, however, has moved to strike Benjamin's motion for Summary Judgment pursuant to Rule 12(f) of the Federal Rules of Civil Procedure which provides that, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A motion to strike is a drastic remedy disfavored by the courts and infrequently granted. *U.S. v. Fairchild Indus. Inc.*, 766 F.Supp. 405, 408 (D.Md.1991).[2]

### III. ANALYSIS

Benjamin claims that the County lacks credibility in its account of his disability and requested accommodations. He submits that their proposed accommodations and process for providing them is seriously lacking under the ADA. Mostly importantly, he adverts to the discrepancy between Lt. Humphries' repeated statements that turning off the florescent light was

---

[2] Defendant's Motion to Strike, ECF No. 36, is **DENIED**.

a safety concern and the admission in her Supplemental Affidavit that, in fact, Benjamin was offered to have the light to be turned off. ECF No. 30, ¶ 33.

The County claims that the accommodations it offered to Benjamin were reasonable, fair under the circumstances, and would not have had a material impact on his rank, salary, benefits, or job title. ECF No. 21. The County also alleges that Benjamin's desired accommodation, turning off the fluorescent lights, was not feasible to grant, as it would have jeopardized the safety of the inmates and correctional officers. ECF No. 36.

*A Material Question of Fact*

In her Supplemental Affidavit, for the first time, Lt. Humphries alleges that, in fact, Benjamin was offered to have the lights turned off. ECF No. 30, ¶ 33. At the Motions Hearing on May 5, 2022, defense counsel seemed at a loss to explain this critical change in the County's factual allegations. Benjamin, for his part, argues that this discrepancy entirely undermines the County's theory that the light was required for safety reasons, and thus it would suggest he was not offered a reasonable accommodation. The County can still try to explain the discrepancy. But there is obviously a question of material fact that renders summary judgment in the County's favor inappropriate.

The County seems to argue that, even if Benjamin were offered the opportunity to turn off the overhead lights, that would not be material because the County has clearly demonstrated that other reasonable accommodations were offered. This also remains an open question of fact.

It is indisputable that the County offered Benjamin some accommodations. And as the County notes, the ADA does not require an employer to provide the exact accommodation the employee desires, "or even to provide the best accommodation, so long as the accommodation ...

6

is reasonable." *Walter v. United Airlines, 2000 WL 1587489, \*4 (4th Cir.2000).* However, Benjamin arguably made his disability known to his superiors in November 2016 and more formally in January 2018. The first offer of a minor accommodation came on January 25, 2018, shortly after Benjamin provided formal notice to his superiors. Major Humphries spoke with Benjamin about the lighting and advised him that he could sit in the dayroom area to avoid the light or move his chair of to the side to avoid the light. ECF No. 20. These accommodations took Benjamin away from his workstation and, he says, forced him to sit in uncomfortable positions that made him both unhappy and unproductive. ECF No. 35. Multiple superiors then counseled Benjamin to submit hardship requests and, when he did not, he was provided with new options for accommodations on July 9, 2018: remain on Shift I and be removed from Housing Unit 9 or be moved to another shift. ECF No. 35. The parties vigorously dispute the reasonableness of these proposed accommodations. Given that the County adamantly claims that these accommodations would have provided Benjamin with the same title, salary, rank, and benefits, where Benjamin claims they would have removed him from the shift he prefers and harmed his quality of life, the reasonableness of these proposed accommodations remains a material disputed issue.

Setting aside the reasonableness vel non of the accommodations offered by the County, Benjamin notes that the first substantive offer of an accommodation, changing his shift, came only in July 2018. ECF No. 35. Accordingly, for at least a portion of the complained of period, Benjamin arguably was without any reasonable accommodation. In light of these genuine issues of material fact, the Court will **DENY** the County's Motion for Summary Judgment, ECF No. 20. To the extent that Benjamin is asking for Summary Judgment in his favor, ECF No. 35, that request is also **DENIED**.

## CONCLUSION

For the foregoing reasons, the County's Motion for Summary Judgment, its Supplemental Motion for Summary Judgement, and its Motion to Strike, as well as Benjamin's Cross Motion for Summary Judgment, ECF Nos. 20, 35 and 36, are **DENIED.**

A separate Order will **ISSUE.**

September 22, 2022

/s/ Peter J. Messitte

**PETER J. MESSITTE**

**UNITED STATES DISTRICT JUDGE**